UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMUEL ERIC BROWN,

    Plaintiff,

v.                          Case No. 3:22cv9071-TKW-HTC

OFFICER BURDETT,

    Defendant.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Officer Burdett's Motion to Dismiss, ECF Doc. 21. Plaintiff has filed an objection. ECF Doc. 25.[1] Upon consideration, the undersigned respectfully recommends Defendant's motion be GRANTED and this case be DISMISSED WITHOUT PREJUDICE, because Plaintiff has failed to exhaust his administrative remedies.

Plaintiff Samuel Eric Brown is an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Suwanee Correctional Institution, proceeding *pro se* and *in forma pauperis*. Plaintiff sues Officer Burdett for use of excessive force, arising out of an incident occurring on September 18, 2021, at Santa

---

[1] Although Plaintiff filed two memoranda in opposition to Defendant's motion, one on or about November 9, 2022, ECF Doc. 23, and one on or about November 17, 2022, ECF Doc. 25, Plaintiff asks the Court to consider only the second memorandum as the first is incomplete.

Case No. 3:22cv9071-TKW-HTC

Rosa Correctional Institution ("SCRI").[2] Specifically, Plaintiff alleges Burdett used chemical agents on him while he was restrained and after he declared a psychiatric emergency. Defendant seeks dismissal on the ground that Plaintiff failed to exhaust his administrative remedies and for failure to state a claim. Because the undersigned agrees Plaintiff has failed to exhaust his claim, the undersigned does not address Defendant's alternative arguments.

## I. THE EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") states: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*." 42 U.S.C. § 1997e(a) (emphasis added). Exhaustion of all available administrative remedies is a mandatory prerequisite to filing suit that federal courts have no discretion to waive. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998). The requirement to exhaust "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532

---

[2] Although Plaintiff also references the 1st and 14th Amendments in his complaint, he sets forth no facts to support a 1st Amendment claim. Also, an excessive force claim by a convicted prisoner is an 8th Amendment claim, rather than 14th Amendment claim.

(2002). It also applies whether a plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The purpose of the exhaustion requirement is "to eliminate unwarranted interference with the administration of prisons in order to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Parzyck v. Prison Health Serv., Inc.*, 627 F.3d 1215, 1217 (11th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). This purpose can be realized only if the administrative agency is given a fair opportunity to consider the grievance and correct its own mistakes before being haled into court. *Woodford*, 548 U.S. at 82, 89 (citation omitted).

To allow the agency a full and fair opportunity to address issues on their merits, the PLRA requires "proper exhaustion." *Id.* at 90–95. To *properly* exhaust a claim, a plaintiff must utilize "all steps that the agency holds out[] and do[] so *properly*," in compliance with any applicable internal procedures. *Id.* at 90, 95 (citation and internal quotation marks omitted) (emphasis in original). A court must dismiss an action if it is satisfied that an inmate failed to properly exhaust his available administrative remedies before filing suit. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).

Procedurally, the defense of failure to exhaust is treated as a matter in abatement, similar to the defense of lack of jurisdiction. *Bryant v. Rich*, 530 F.3d

1368, 1374 (11th Cir. 2008). As a failure to exhaust precludes an adjudication on the merits, it is most appropriate for the issue to be raised in and decided on a motion to dismiss. *Id.* at 1374–75 (citations omitted). When reviewing such a motion, the courts are allowed "to consider facts outside of the pleadings and to resolve factual disputes" unrelated to the merits of the case. *Id.* at 1376.

The Eleventh Circuit has outlined the following two-step process for reviewing motions to dismiss for failure to exhaust. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1373–74). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

"The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. at 1082 (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). However, once a defendant has shown plaintiff had an

available administrative remedy, "the burden of going forward shifts to the plaintiff, who, pursuant to *Turner*, must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020) (citation omitted); *but see Lamb v. Kendrick*, 52 F.4th 286, 294 (6th Cir. 2022) (discussing circuit split and siding with the Seventh Circuit to reject burden-shifting approach).

## II.    ANALYSIS

As stated above, Defendant moves for dismissal for failure to exhaust. Specifically, Defendant claims Plaintiff only "tangentially" raised an excessive force claim in the grievances he filed, and in any event, failed to follow through with the grievance process. *Id.* Defendant has submitted to the Court copies of Plaintiff's grievances from September 1, 2021, to June 29, 2022, ECF Doc. 21-1, as well as the sworn declaration of Officer Amanda Flores, SRCI grievance coordinator, who attests Plaintiff "had no approved informal or formal grievances regarding an excessive use of force and/or Eighth Amendment violation." ECF Doc. 21-2 at 1.

Because Plaintiff is an inmate of the FDOC, he must follow the FDOC's procedures which are set forth in the Florida Administrative Code. Under those procedures, generally, an inmate must: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code

r. 33-103.005–007; *see also Parzyck*, 627 F.3d at 1218.  Also, if a grievance appeal is approved for further investigation and the inmate is issued a corrected formal grievance response, an inmate has not exhausted all of his available administrative remedies at that point.  Specifically, Rule 33-103.007(7), Fla. Admin. Code., states, "[i]f the grievance is returned to the institution or facility or privatization commission for further investigation or response, the inmate may, following receipt of that response, re-file with the Office of the Secretary pursuant to Rule 33-103.007, F.A.C., if he is not satisfied with the response."  Fla. Admin. Code r. 33-103.007(7).

The records submitted by Defendant show Plaintiff filed multiple grievances at all three levels between the time of the alleged incident and the filing of the present action.  ECF Doc. 21-1.  Relevant to this case is an informal grievance, log number 119-2109-0482, filed on September 18, 2021—the date of the alleged incident—and received on September 23, 2021, in which Plaintiff complained of the following:

> I was in shower escorted to shower with hand-restraints and placed in shower by Burdett C/O left in shower with them on.  I declared pshyc [sic] emergency to Burdett more than once and denied by C/O Burdett and chemical agent was used by Burdett for talking and none threatening with hand restraints on.  **Please address my 8th Amendment right** . . . sprayed while in hand restraints.

*Id.* at 16.

As an initial matter, the undersigned finds this grievance to be sufficient to put Defendant on notice of the claim Plaintiff asserts here.  As two judges in this District have recognized, the FDOC's rules "mandate[] no level of detail at all,

requiring only that whatever facts are stated must be true." *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1244 (N.D. Fla. 2019) (J. Walker) (citing *Goldsmith v. White*, 357 F. Supp. 2d 1336, 1339 (N.D. Fla. 2005) (J. Hinkle)). Nonetheless, Plaintiff must provide enough information to give "notice to prison officials of what the prisoner is complaining of so they may have an opportunity to . . . possibly correct the problem." *Moore v. McNeil*, 2012 WL 13195760, at *2 (S.D. Fla. Aug. 10, 2012), *report and recommendation adopted in part, rejected in part*, 2012 WL 13195763 (S.D. Fla. Sept. 20, 2012). Here, Plaintiff's grievance was filed the same day as the incident, references the 8th Amendment, names Burdett, and alleges he used a chemical agent while Plaintiff was restrained – allegations similar to the ones he made in this suit. Thus, the undersigned disagrees with Defendant that the claim was only "tangentially" raised. The problem is Plaintiff did not follow all the procedures necessary to exhaust this grievance.

The grievance was returned to Plaintiff on October 5, 2021, for being filed prematurely because "the DR had not yet been heard at the time this grievance was submitted." *Id.* Plaintiff then filed a formal grievance to the Warden, in which he complained about a false DR, as well as the excessive force by Burdett, and asked to have his 8th amendment claim "addressed." ECF Doc. 21-1 at 17. The Warden returned this formal grievance as untimely on or about October 20, 2021. *See id.* at

Case No. 3:22cv9071-TKW-HTC

17–18 (Plaintiff's formal appeal, log number 2110-119-182, and Warden's response).

On December 8, 2021, Plaintiff submitted an appeal to the Office of the Secretary, log number 21-6-35885, in which he specifically referenced his September 18 informal grievance by number and reasserted his allegations that he had been sprayed with a chemical agent while restrained. *Id.* at 25. This appeal was "approved for further inquiry" and referred back to the Warden with instructions to "[p]lease readdress the inmates [sic] issue." *Id.* at 26. Plaintiff's copy of the response included the following instructions:

> Your administrative appeal has been received, evaluated, and referred to the Warden for appropriate handling and action. The institution will be providing you with a response once their review is completed. **If you feel that the institutional response does not adequately resolve the issue, you may once again appeal to this office within 15 days from the date of the institutional response.** Based on this action, your appeal is approved for further inquiry.

*Id.* at 27 (emphasis added). Upon conducting such inquiry, the Warden issued an amended response on or about January 10, 2022, denying Plaintiff's formal grievance. *Id.* at 28. The amended response again advised Plaintiff of his right to appeal further, as follows:

> **To receive further administrative review of your complaint, you must obtain form DC1-303, request for administrative review or appeal, complete the form, providing attachments as required, and submit the form to the Bureau of Inmate Grievance Appeals**, 501 South Calhoun Street, Tallahassee, Florida, 32399 within the time frames specified in chapter 33-103.

Case No. 3:22cv9071-TKW-HTC

Case 3:22-cv-09071-TKW-HTC    Document 27    Filed 12/09/22    Page 9 of 10

Page 9 of 10

*Id.* (emphasis added). Plaintiff, however, did not file an appeal of the Warden's amended response. Thus, Plaintiff has failed to exhaust his grievance. *See Peebles v. Holt*, 2015 WL 5752086, at *5 (M.D. Ga. Aug. 12, 2015), *report and recommendation adopted*, 2015 WL 5768961 (M.D. Ga. Sept. 30, 2015) (recommending dismissal for failure to exhaust where plaintiff did not appeal grievance after receiving warden's response informing him that he had "seven (7) calendar days within which to appeal this Response to [the] Grievance Coordinator"); *see also Cooper v. Duong*, 2011 WL 741491, at *1 (N.D. Fla. Feb. 23, 2011) (granting defendants judgment on the pleadings because plaintiff's grievances were returned with instructions "as to what he should do next to exhaust his administrative remedies" but he ignored those instructions).

Plaintiff's response does not address the merits of Defendant's arguments, nor does he dispute the authenticity or veracity of any of the attached documents. *See* ECF Doc. 25. Instead, he contends, in a conclusory manner, "I did exhaust remedies and I was approved at the Institutional level for the disregard of my eight [sic] amendment right." *Id.* at 1. Nonetheless, accepting Plaintiff's bald allegation he exhausted as true, the Court finds at the second step of the *Turner* analysis that the grievances presented by Defendant show Plaintiff has failed to exhaust his 8th Amendment claim. Plaintiff's belief he has exhausted is simply misplaced. As discussed above, while the Secretary did initially approve Plaintiff's appeal, the

Secretary did so by requiring the Warden to investigate the allegations (since the Warden denied the appeal as untimely).  Once the appeal was approved, the Warden investigated the claim and denied the grievance on its merits.  At that point, to fully exhaust his claim Plaintiff had to file an appeal, which he did not do.

Accordingly, it is respectfully RECOMMENDED:

1. That Defendant Burdett's Motion to Dismiss, ECF Doc. 21, be GRANTED and this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of December, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.